IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JOSE EDWARDO CASTRO QUIRINO,

      Plaintiff,

v.                                          No. CIV 08-0555 BB/WPL

FRANK WILSON (JUDGE), CANON STEVENS (DA),
ELOY MARTINEZ (ATTY), MARY JANE TRUJILLO,
MARIE MATTISON,

      Defendants.


MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint contends that Defendants committed a number of constitutional violations against Plaintiff in state criminal proceedings.  Defendant Trujillo, who was Plaintiff's girlfriend, falsely accused him of domestic violence and forcible sex.  Three other Defendants--a judge and two prosecutors--committed "malicious and vindictive acts" by allowing consideration of the falsehoods and obtaining Plaintiff's conviction on three charges.  The complaint also alleges that Plaintiff's boss, Marie, made the same false accusations that were made by Defendant Trujillo, and a Marie Mattison is added as a Defendant in Plaintiff's motion to amend.  The complaint seeks damages and an order vacating Plaintiff's conviction.

No relief is available on Plaintiff's claims against Defendant (Judge) Wilson.  "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties."  *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)).  This is true regardless of the judge's motive.  *See Stump*, 435 U.S. at 356-57.  Plaintiff's claims for damages against Defendant Wilson will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

Defendants (prosecutors) Stevens and Martinez are also immune to this complaint.  As ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Imbler*, 424 U.S. at 431;

*see also Romero v. Boulder County DA's Office*, 87 F. App'x 696, 697 (10th Cir. 2004). The Court will dismiss Plaintiff's § 1983 claims against Defendants Stevens and Martinez.

Plaintiff's allegations also fail to support § 1983 claims against Defendants Trujillo and Mattison. Trujillo was the alleged victim of Plaintiff's criminal acts, and Mattison was Plaintiff's boss. These individuals are private parties who do not act under color of state law for purposes of § 1983. *See Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1008 (10th Cir. 2006). The Court will dismiss Plaintiff's § 1983 claims against these Defendants. The dismissal of the complaint will be with prejudice, but without prejudice to Plaintiff's right to pursue habeas corpus remedies. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's motion to amend complaint (Doc. 8) is GRANTED, the complaint is DISMISSED with prejudice, other pending motions are DENIED as moot, and the Clerk is directed to send § 2254 habeas corpus forms to Plaintiff;

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 58(a), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE